UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY BRYANT BOWMAN, II,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>SUSAN PERRY, Warden, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 15-cv-01235-BAS(KSC)<br><br>**ORDER:**<br><br>(1) **GRANTING MOTION TO DISMISS [ECF No. 23]; AND**<br><br>(2) **DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT [ECF No. 33]** |

**I.     INTRODUCTION**

Petitioner Jerry Bryant Bowman, a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenges his 2010 conviction in San Diego Superior Court case no. SCS227759.  (Am. Pet., ECF No. 9.)  The Court has read and considered the Petition [ECF No. 9], the Motion to Dismiss and Memorandum of Points and Authorities in Support of the Motion to Dismiss [ECF No. 23], Petitioner's Opposition to the Motion to Dismiss [ECF No. 31], the lodgments and other documents filed in this case, and the legal arguments presented by both parties.  For the reasons discussed below, the Court **GRANTS** Respondent's motion to dismiss [ECF No. 23], and **DENIES** Bowman's motion to proceed in forma pauperis [ECF no. 33] as moot.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Bowman was convicted of robbery and false imprisonment in San Diego County Superior Court case no. SCS227759 in 2010. (*See* Lodgment No. 10 at 1; *People v. Bowman*, 202 Cal. App. 4th 353 (2011).) He was sentenced to 16 years in prison. *Bowman*, 202 Cal. App. 4th at 356.

Bowman appealed his conviction to the California Court of Appeal for the Fourth Appellate District, which affirmed the conviction in a published opinion. *Bowman*, 202 Cal. App. 4th 353. Bowman filed a petition for review in the California Supreme Court, which the Court denied on March 14, 2012, without citation of authority. (Lodgment No. 1.)

Bowman then filed a petition for writ of habeas corpus in the California Court of Appeal for the Fifth Appellate District on November 20, 2012. (Lodgment No. 2.) That Court denied the petition on November 30, 2012. (*Id.*)

Next, Bowman constructively filed a petition for writ of habeas corpus in the California Supreme Court on January 10, 2013. (Lodgment No. 3.)[1] That Court denied the petition without citation of authority on June 12, 2013. (Lodgment No. 4.)

Bowman then constructively filed a petition for writ of habeas corpus in the California Court of Appeal for the Fourth Appellate District on September 16, 2014. (Lodgment No. 5.) That Court denied the petition in a written opinion on September 30, 2014. (Lodgment No. 6.)

Thereafter, Bowman constructively filed a petition for writ of habeas corpus in the California Supreme Court October 17, 2014. (Lodgment No. 7.) The Court denied that petition on April 1, 2015, citing *In re Robbins*, 18 Cal. 4th 770, 780 (1988), and *In re Clark*, 5 Cal. 4th 750, 767-69 (1993). (Lodgment No. 8.)

---

[1] A notice of appeal by a pro se prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). The Ninth Circuit has held that for purposes of calculating the AEDPA limitation period, the *Houston* mailbox rule applies to both the prisoner's federal habeas petition and the state court habeas petitions that began the period of tolling. *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000).

Next, Bowman constructively filed a petition for writ of habeas corpus in the California Court of Appeal for the Fourth Appellate District on May 26, 2015. (Lodgment No. 9.) That Court denied the petition in a written opinion on June 11, 2015. (Lodgment No. 10.)

Bowman constructively filed his final state court habeas corpus petition in the California Supreme Court on June 28, 2015. (Lodgment No. 11.) That Court denied the petition without citation of authority on October 21, 2015. (Lodgment No. 12.)

Bowman constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on May 22, 2015 [ECF No. 1], and an Amended Petition on July 22, 2015 [ECF No. 9]. An Order granting Bowman leave to amend his petition was filed on December 3, 2015 [ECF No. 18], but Bowman never filed a second amended petition. Respondent filed a motion to dismiss on March 18, 2016 [ECF No. 23]. Bowman filed an opposition to the motion on May 25, 2016 [ECF No. 31]. Bowman subsequently filed supplemental documents in support of his petition and medical records in support of his petition [ECF Nos. 34, 35].[2]

## III.   DISCUSSION

Although it is difficult to discern the exact nature of Bowman's claims from his filings, as best the Court can determine Bowman alleges his sentence was improper, his trial attorney was ineffective for failing to attack his sentence, his appellate attorney was ineffective for failing to raise the improper sentence and ineffective assistance of counsel claims, and the state court's denial of his request to be resentenced under Proposition 47 was improper. (See Am. Pet. at 6-10, 38.) Respondent contends Bowman's claims regarding his sentence and conviction are time barred, and that his Proposition 47 claim is meritless. (Mot. to Dismiss at 4-8.)

///

---

[2] Although Bowman was granted in forma pauperis status on September 3, 2015, ECF No. 12, he filed a second motion to proceed in forma pauperis on July 14, 2016 [ECF No. 33].

### A. Standard of Review

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002). In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

Under 28 U.S.C. § 2244(d), a petitioner has one year from the date his or her conviction is final to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). The statute of limitations, however, is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1); *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998).

The date the statute of limitations began to run for Bowman's claims attacking the validity of his conviction and sentence is different from the date the statute of limitations began to run for his Proposition 47 claims. *See Butler v. Long*, 752 F.3d 1177, 1181 (9th Cir. 2014) (quoting *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012) and stating that "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis"). Accordingly, the Court will address the timeliness of the claims separately.

/ / /

/ / /

### B. Commencement of the One-Year Statute of Limitations

Bowman was convicted in San Diego Superior Court case no. SCS227759 of robbery and false imprisonment. He appealed his conviction to the California Court of Appeal for the Fourth Appellate District, Division One. *People v. Bowman*, 202 Cal. App. 4th 353 (2011). That Court upheld his conviction in a published opinion. *Id*. Bowman then filed a petition for review in the California Supreme Court; the State Supreme Court denied the petition on March 14, 2012. (Lodgment No. 1.) Bowman did not file a petition for writ of certiorari in the United States Supreme Court. Thus, Bowman's conviction became final ninety days after the California Supreme Court denied his petition. *McMonagle v. Meyer*, 802 F.3d 1093, 1097 (9th Cir. 2015); *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Ninety days after March 14, 2012, is June 12, 2012.[3] The statute of limitations began running the next day, June 13, 2012. Fed. R. Civ. Pro. 6(a). Absent statutory or equitable tolling, Bowman's federal habeas corpus petition was due June 13, 2013.

1. *Statutory Tolling*

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Bowman filed his first state habeas corpus petition in the California Court of Appeal for the Fifth Appellate District on November 20, 2012. (Lodgment No. 1.) By that time, a period of 159 days had passed, leaving 206 days of the statute of limitations remaining. The state appellate court denied the petition on November 30, 2012, without citation of authority. (Lodgment No. 2.) Bowman then constructively filed a petition for writ of

///

///

---

[3] Respondent states Bowman's conviction became final on June 10, 2012, but there are only 88 days between those dates. (See Answer at 5.)

habeas corpus in the California Supreme Court on January 10, 2013, which that Court denied on June 12, 2013. (Lodgment Nos. 3-4.)[4]

The Supreme Court has stated that "an application is pending as long as the ordinary state collateral review process is 'in continuance'—i.e., 'until the completion of' that process." *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). This includes the time during which a petition is being considered by a state court and, generally speaking, the time between filings (gap tolling), unless the petitions filed in the state courts were untimely or successive. *See Porter v. Ollison*, 620 F.3d 953, 958 (9th Cir. 2010); *see also Evans v. Chavis*, 546 U.S. 189, 199-200 (2006). The Supreme Court has noted that a reasonable time period between state filings is 30 to 60 days. *Evans*, 546 U.S. at 199-201 (citing *Saffold*, 536 U.S. at 222-23). Bowman filed his habeas corpus petition in the California Supreme Court within 60 days of the state appellate court's denial, and the California Supreme Court did not deny the petition as untimely or successive. Bowman is therefore entitled to statutory tolling for the entire period his habeas corpus petitions were pending before California courts, from November 20, 2012, when he filed his habeas corpus petition in the California appellate court, until the California Supreme Court denied his petition on June 12, 2013.

On June 12, 2013, when the California Supreme Court denied his petition, Bowman had 206 remaining of the 365-day statute of limitations within which to file his federal habeas corpus petition. His federal petition was therefore due by January 6, 2014.[5] Bowman did not file another state habeas corpus petition until September 16, 2014. (Lodgment No. 5.) By then, the statute of limitations had run out. Accordingly, Bowman is not entitled to any additional statutory tolling for the state habeas corpus petitions he

---

[4] The petition is signed January 10, 2013, and there is a proof of service and letter attached to the petition that is dated December 21, 2012. It is not clear which of these dates should be used as the date the petition was handed to prison authorities for mailing under *Houston*. Since Bowman is entitled to "gap" tolling, however, the Court need not decide the issue.

[5] 206 days from June 12, 2013 is Saturday, January 4, 2016, and thus Bowman would have had to file his petition the following Monday, January 6, 2014.

filed. *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). His petition is therefore untimely unless he is entitled to sufficient equitable tolling to render it timely.

    2. *Equitable tolling*

"To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

The Ninth Circuit has concluded that mental impairment may constitute a sufficient "extraordinary circumstance" to warrant equitable tolling. In *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit articulated a two-part test to make this determination:

> The impairment must have (1) been "so severe that the petitioner was unable personally . . . to understand the need to timely file . . . a habeas petition,' and (2) "made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." *Id.* at 1093. This is not "a mechanical rule"; rather, equitable tolling determinations require "a flexibl[e], case-by-case approach." *Id.* at 1096 (quoting *Holland*, 560 U.S. at 650, 130 S. Ct. 2549) (internal quotation marks omitted).

*Forbess v. Franke*, 749 F.3d 837 (9th Cir. 2014).

Bowman has submitted extensive medical records documenting his mental health treatment while in prison, dating back to at least 2004. The relevant time period in Bowman's case, however, is between June 12, 2013, when the California Supreme Court denied his habeas corpus petition, and January 6, 2014, when the statute of limitations ran out. In April of 2013, psychiatric notes indicate Bowman was suffering from schizoaffective disorder. He was "currently stable and functioning adequately." (Pet'rs Med. Records, ECF No. 35 at 100.) The notes further state that Bowman was "grossly exaggerating his symptoms." (*Id.* at 104.) In July of 2013, prison psychiatrists stated he had been free of psychiatric symptoms for the preceding 6 months. (Pet'rs Med. Records,

ECF 35-1 at 72.) A Mental Health Treatment Plan from July of 2013 also notes:

> IMP [inmate/patient] has an extensive history of feigning and/or exaggerating sxs [symptoms] for secondary gain. IMP has a history of being evasive, vague, and inconsistent in his reports of his mental health sxs. IMP has a history of stating he wants to be EOP [Enhanced Outpatient Program] and when informed that he does not meet criteria, stating he wants to be removed from CCCMS [Correctional Clinical Case Management Services]. IMP has self-reported hx [history] of SI/SA [suicidal ideation/suicide attempt] in which his self-reported self-injurious behaviors prior to admission to CDCR [California Department of Corrections and Rehabilitation] cannot be independently verified . . . IMP currently denies any overt mental health sxs, has presented as stable and functioning adequately, has maintained a job as porter, and custody reports that IMP is stable. IDTT [Interdisciplinary Treatment Team] determined that IMP is no longer appropriate for placement in MHSDS [Mental Health Services Delivery System].[6]

(Pet'rs Med. Records, ECF No. 35-3 at 8.)

In October of 2013, the records indicate Bowman was placed in Administrative Segregation due to safety concerns and possible suicide watch. (Pet'rs Med. Records, ECF 35-3 at 5, ECF No. 35-1 at 135.) At that time, Bowman denied having any mental health concerns or issues. A prison psychiatrist noted that he appeared to have some mental health problems but was not suffering from psychosis. Bowman denied having suicidal or homicidal ideation. (Pet'rs Med. Records, ECF 35 at 94-100.) In November of 2013, he had a medication review. (Pet'rs Med. Records, ECF 35-1 at 64.) From October through December, 2013, he displayed no signs of psychiatric impairment according to the progress notes. (Id. at 126-34.)

Notes from May and June of 2014 indicate Bowman was evaluated and found to be "alert and appropriately oriented to time, place, person, and situation." (*Id*. at 124.) The notes also indicate "[h]e displayed speech which assertive, timely, to-the-point, clear,

---

[6] All abbreviations are taken from the California Department of Corrections and Rehabilitation website, located at http://www.cdcr.ca.gov/.

linear, organized, alert and appropriately oriented to time, place, person, and situation" and that "[h]e displayed speech which assertive, timely, to-the-point, clear, linear, organized, directed, and void of extraneous content." (*Id.*)  The most recent notes are from March of 2016.  In those notes, Bowman indicated he was depressed and feared for his safety in prison. (*Id.* at 114-17.)  The psychiatric notes indicate he had no thoughts of self-harm or harming others, and was oriented to time and place, was clean and well spoken. (*Id.* 115.)

It is clear from the medical records Bowman has submitted that he suffers from mental health issues, and has suffered from these problems for some time.  But his impairment was not so severe that he was "unable to rationally or factually personally understand the need to timely file," or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Bills*, 628 F.3d at 1099-1100.  Further, Bowman cannot establish that he was "diligen[t] in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of circumstances, including reasonably available access to assistance." *Id*.  Accordingly, he is not entitled to any equitable tolling, and the claims in his petition relating to his conviction and sentence are untimely.

    3. *Proposition 47 Claim*

Bowman claims he is entitled to be resentenced under Proposition 47 and that the state court's denial of this claims was incorrect. (Am. Pet. at 10.)  Proposition 47, passed by California voters on November 4, 2014, became effective November 5, 2014. Cal. Penal Code § 1170.18 (West 2014).  It provides, in part, as follows:

> (a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

Cal. Penal Code § 1170.18.

The statute of limitations for Bowman's Proposition 47 claim began to run on the effective date of the legislation, November 5, 2014. *See* 28 U.S.C. § 2244 (d)(1)(D) (stating the limitations period runs from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence). Bowman had until November 6, 2015, to file his federal habeas corpus petition. He constructively filed his original petition in this Court on May 22, 2015, and his amended petition on July 22, 2015. His Proposition 47 claim is therefore timely.

As Respondent points out, however, the claim is meritless. Bowman was convicted of robbery, a violation of California Penal Code § 211, and false imprisonment, a violation of California Penal Code § 236. *Bowman*, 202 Cal. App. 4th at 355. Neither of those code sections are included in California Penal Code § 1170.18. To the extent Bowman is seeking to apply Proposition 47 to his prior convictions which were used to enhance his sentence, Proposition 47 applies only to crimes for which a defendant is currently serving a sentence. Cal. Penal Code § 1170.18. Even if Proposition 47 applied to prior convictions, Bowman's prior convictions are for California Penal Code § 211 and California Health and Safety Code § 11360, neither of which is included in California Penal Code § 1170.18. (*See* Lodgment No. 5 at 45-48.) Thus, Bowman is not entitled to relief as to this claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Respondent's motion to dismiss [ECF No. 23]. Bowman's claims relating to his conviction and sentence are untimely because, even with statutory tolling, they were filed beyond the one-year statute of limitations provided for in 28 U.S.C. § 2244(d). Bowman's Proposition 47 claim is timely but meritless. The Court **DENIES** Bowman's motion to proceed in forma pauperis, filed on July 14, 2016 [ECF No. 33] as moot.

Rule 11 of the Rules following 28 U.S.C. § 2254 require the District Court to "issue or deny a certificate of appealability [COA] when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254 (West Supp. 2013). A COA will issue when

the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253; *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). A "substantial showing" requires a demonstration that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002), quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court concludes Bowman has not made the required showing, and therefore a certificate of appealability is hereby **DENIED**.

**IT IS SO ORDERED.**

DATED: July 27, 2016

Hon. Cynthia Bashant
United States District Judge